## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAULA J. KARAS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 11-40146-FDS |
| v. | ) ) | |
| MASSPORT AUTHORITIES, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| PAULA J. KARAS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 11-40148-FDS |
| v. | ) ) | |
| STATE OF RHODE ISLAND, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| PAULA J. KARAS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 11-40160-FDS |
| v. | ) ) | |
| COMMONWEALTH OF MASSACHUSETTS, | ) ) ) ) | |
| Defendant. | ) ) | |

```
_____
                                  )
PAULA J. KARAS,                   )
                                  )
        Plaintiff,                )       Civil Action No.
                                  )       11-40161-FDS
        v.                        )
                                  )
TOWN OF HOLLISTON,                )
                                  )
        Defendant.                )
_____)
_____
                                  )
PAULA J. KARAS,                   )
                                  )
        Plaintiff,                )       Civil Action No.
                                  )       11-40186-FDS
        v.                        )
                                  )
COMMONWEALTH OF                   )
MASSACHUSETTS                     )
                                  )
        Defendant.                )
_____)
```

## MEMORANDUM AND ORDER

**SAYLOR, J.**

Pending before the Court are five motions to proceed *in forma pauperis* that accompany complaints filed in Civil Action Nos. 11-40146, 11-40148, 11-40160, 11-40161 and 11-40186. The Court's records indicate that plaintiff Paula Karas has been a frequent litigant, having filed nine cases since 2006.[1] Karas is a resident of Milford, Massachusetts, and her sole source of

---

[1] Plaintiff previously filed the following actions: *Karas v. Mass. Dep't of Soc. Servs.*, C.A. No. 06-11277-DPW (closed); *Karas v. United States Dep't of Agriculture*, C.A. No. 07-10429-DPW (closed); *Karas v. United States Food and Drug Admin.*, C.A. No. 07-10504-DPW (closed); *Karas v. Commonwealth*, C.A. No. 07-10-40178-FDS (closed); *Karas v. Dunkin Donuts*, C.A. No. 10-40236-FDS (closed); *Karas v. Honey Dew Donuts*, C.A. No. 10-40237-FDS (closed); *Karas v. Hood, Inc.*, C.A. No. 11-40016-FDS (closed); *Karas v. Broward County Sheriff's Dep't*, C.A. No. 11-11103-LTS (filed Jun. 17, 2011); and *Karas v. N. Rhode Island Cmty. Healthcare*, C.A. No. 11-11227-WGY (filed Jul. 6, 2011).

income is Social Security benefits based upon her disability. These five cases relate, in part, to matters raised in similar actions that plaintiff previously filed in this Court. For the reasons stated below, the complaints will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

I.  **Discussion**

    A.  **The Filing Fee**

With each action, Karas filed a motion to proceed *in forma pauperis*. Because plaintiff's sole source of income is from Social Security benefits that she receives because of her disability, the motions will be granted.

    B.  **The Court May Screen These Actions**

Because plaintiff seeks to file this complaint without prepayment of the filing fee, the Court will review plaintiff's complaints to determine if they satisfy the requirements of federal law. *See* 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In conducting this review, the Court will construe the complaint liberally because plaintiff is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In determining whether a complaint states a claim, the Court will accept as true the well-pleaded allegations in the complaint and takes reasonable inferences in the plaintiff's favor. *Martino v. Forward Air, Inc.*, 609 F.3d 1, 2 (1st Cir. 2010). To avoid dismissal, "a complaint

3

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require a probability but is more than a mere possibility. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### C. Plaintiff's Complaints Are Subject to Dismissal

Upon review of each of the five complaints, this Court finds that these actions are subject to dismissal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2). Although a single allegation may not "strain credulity" sufficiently to be considered frivolous, *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990), the complaints as a whole are plainly irrational. The complaints either focus on the alleged adulteration of her food or on her belief that she is a victim of stalking.

The action against "Massport Authorities," C.A. No. 11-40146, raises the same claim that was raised in *Karas v. Commonwealth*, C.A. No. 11-11228-PBS. By Order dated October 17, 2011, plaintiff was advised that the federal court is without jurisdiction to entertain an appeal from Massport's denial of plaintiff's public records request. *Id.* at 10/17/11 Order, Docket No. 8.

The action against the Commonwealth of Massachusetts, C.A. No. 11-40186, raises claims about adulterated food that are similar to those claims raised in *Karas v. Hood*, 11-40116-FDS (closed May 5, 2011); *Karas v. Honey Dew Donuts*, C.A. No. 10-40237-FDS (closed Apr. 29, 2011); Karas v. Dunkin Donuts, C.A. No. 10-40236-FDS (closed Apr. 29, 2011); *Karas v. United States Food and Drug Admin.*, C.A. No. 07-10504-DPW (closed July 24, 2007 ); and *Karas v. United States Department of Agriculture*, C.A. No. 07-10429-DPW (closed July 24, 2007). To the extent plaintiff complains that the Massachusetts Attorney General failed to provide relief, authority to initiate a criminal complaint or to investigate a claim rests exclusively

with the discretion of state officials.

The action against the Town of Holliston, C.A. No. 11-40161, is subject to dismissal because library patrons do not have a constitutional right to have private documents printed on the town library's printer at will.

The remaining two actions, 11-40148 and 40160 against the State of Rhode Island and the Commonwealth of Massachusetts, respectively, allege that she was denied monetary damages for injuries documented by the police departments for Providence, Rhode Island, and Oxford, Massachusetts.  Plaintiff alleges that she sent her claims to the defendants and that she only received a response concerning the Town of Oxford.  *See Karas v. State of Rhode Island*, C.A. No. 11-40148. and *Karas v. Commonwealth*, C.A. No. 11-40160.

It is evident that the complaints fail to state any legal claims and that they are legally frivolous.  Pursuant to 28 U.S.C. § 1915(e)(2), the actions are subject to dismissal in their entirety.  A *pro se* plaintiff is ordinarily afforded an opportunity to cure a deficient complaint.  Here, however, this Court need not afford plaintiff an opportunity to cure the pleading deficiencies because such efforts would be futile.[2]

### D.    No Good-Faith Ground for Appeal Exists

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the Court finds, and hereby certifies, that, based on the failure to state any cognizable federal claims, and the frivolous nature of the actions, any appeal of the dismissal of these five actions would not be taken in good

---

[2] Although the Court often affords *pro se* plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases sua sponte," *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001), these are cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Id.* at 36-37 (1st Cir. 2001).

faith.

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.*  Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed *in forma pauperis* in the district-court action, or who has been determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding.  *Id.*

Based on plaintiff's litigation history, and the failure to state any cognizable federal claims in this action, any appeal of these matters would not be taken in good faith.  "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous."  *Ellis v. United States*, 356 U.S. 674 (1958); *see also Wooten v. District of Columbia*, 129 F.3d 206, 208 (D.C. Cir. 1997).  A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. at 325.  That is the case here.  Should plaintiff seek to appeal the dismissal of these five actions, she must pay the appellate filing fee or she must seek leave to proceed *in forma pauperis* in the United States Court of Appeals for the First Circuit.

### E.      Repetitive Filing of Legally Deficient Complaints

Plaintiff's repetitive filing of legally deficient complaints are a burden on the Court's time and resources.  Despite the fact that she has been advised of the limited subject-matter jurisdiction of federal courts as well as the pleading requirements of the Federal Rules of Civil Procedure, plaintiff apparently seeks to initiate lawsuits repeatedly in order to remedy alleged injustices.  The

Court has no choice but to advise plaintiff that a District Court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. *Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993)). In addition to Rule 11 and 28 U.S.C. § 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 46-50 (1991).

Accordingly, plaintiff is hereby warned that she may be enjoined from filing further actions in this Court absent permission from a District Judge, and/or that she could be subject to monetary sanctions should she make any additional frivolous and/or unreasonable submissions to this Court.

## II. Conclusion and Order

For the foregoing reasons, it is hereby ordered as follows:

1. Plaintiff's Motions to Proceed *In Forma Pauperis* are GRANTED;

2. The complaints are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2);

3. The remaining pending motions shall be terminated;

4. This Court certifies that any appeal of these five actions would not be taken in good faith; and

5. Plaintiff is warned that her repetitive filing of legally deficient complaints are a burden to the Court's time and resources and that she could be subject to sanctions should she make any additional frivolous and/or unreasonable submissions to this

Court.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: November 4, 2011